Mark E. Merin (State Bar No. 043849)
Paul H. Masuhara (State Bar No. 289805)
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814
Telephone:      (916) 443-6911
Facsimile:      (916) 447-8336
E-Mail:          mark@markmerin.com
                 paul@markmerin.com

Attorneys for Plaintiffs
ESTATE OF HECTOR PEREZ,
MONICA PEREZ, and SEAN PEREZ

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| ESTATE OF HECTOR PEREZ, MONICA PEREZ, and SEAN PEREZ, <br><br>                   Plaintiffs, <br><br> vs. <br><br> COUNTY OF YOLO, YOLO COUNTY SHERIFF'S OFFICE, CITY OF WEST SACRAMENTO, WEST SACRAMENTO POLICE DEPARTMENT, and DOE 1 to 20, <br><br>                   Defendants. | Case No. <br><br> **COMPLAINT FOR VIOLATIONS OF CIVIL AND CONSTITUTIONAL RIGHTS** <br><br> **DEMAND FOR JURY TRIAL** |

## INTRODUCTION

This case arises from the officer-involved shooting and death of HECTOR PEREZ, a mentally ill man subject to an arrest warrant for a non-violent charge, occurring on February 14, 2023. HECTOR PEREZ failed to exit his trailer, in response to a YOLO COUNTY SHERIFF'S OFFICE's SWAT team which surrounded the trailer and harassed HECTOR PEREZ for several hours, including by breaking the trailer's windows, breaking down the trailer's door, deploying multiple drones and robots into the trailer, and deploying tear gas into the trailer. HECTOR PEREZ cut himself on the arms and neck during the SWAT team's harassment, and was immediately shot and killed by a WEST SACRAMENTO POLICE DEPARTMENT officer, without warning, as soon as he staggered from the trailer, presenting no threat to anyone at the scene.

1

**JURISDICTION & VENUE**

1.      This Court has original jurisdiction of the federal claims under 28 U.S.C. § 1331 (in that they arise under the United States Constitution) and § 1343(a)(3) (in that the action is brought to address deprivations, under color of state authority, of rights, privileges, and immunities secured by the United States Constitution). This Court has supplemental jurisdiction of the state claims under 28 U.S.C. § 1367.

2.      Venue is proper in the United State District Court for the Eastern District of California pursuant to 28 U.S.C. § 1391(b) because Defendants are located in the Eastern District of California and because many of the acts and/or omissions described herein occurred in the Eastern District of California.

3.      Intradistrict venue is proper in the Sacramento Division of the Eastern District of California pursuant to Eastern District of California Local Rule 120(d) because the claims asserted herein arise from acts and/or omissions which occurred in the County of Yolo, California.

**EXHAUSTION**

4.      On April 5, 2023, the ESTATE OF HECTOR PEREZ, MONICA PEREZ, and SEAN PEREZ submitted a government claim to the COUNTY OF YOLO and YOLO COUNTY SHERIFF'S OFFICE relating to the claims alleged in this case, pursuant to California Government Code section 910 *et seq.* (Claim No. 23-11.)

5.      On April 5, 2023, the ESTATE OF HECTOR PEREZ, MONICA PEREZ, and SEAN PEREZ submitted a government claim to the CITY OF WEST SACRAMENTO and WEST SACRAMENTO POLICE DEPARTMENT relating to the claims alleged in this case, pursuant to California Government Code section 910 *et seq.*

6.      On May 16, 2023, the COUNTY OF YOLO, through the Yolo County Board of Supervisors, issued a notice of rejection of claim, pursuant to California Government Code section 913.

7.      On May 17, 2023, the CITY OF WEST SACRAMENTO issued a notice of rejection of claim, pursuant to California Government Code section 913.

8.      By May 22, 2023, the YOLO COUNTY SHERIFF'S OFFICE failed or refused to act on the government claim, pursuant to California Government Code section 912.4.

9.      By May 22, 2023, the CITY OF WEST SACRAMENTO and WEST SACRAMENTO POLICE DEPARTMENT failed or refused to act on the government claim, pursuant to California

2

1 | Government Code section 912.4.

2 | **PARTIES**

3 |     10.    Plaintiff ESTATE OF HECTOR PEREZ appears by and through real-parties-in-interest
4 | Plaintiffs MONICA PEREZ and SEAN PEREZ, who bring this action pursuant to California Code of
5 | Civil Procedure section 377.30. Plaintiffs MONICA PEREZ and SEAN PEREZ bring this action as
6 | successors-in-interest on behalf of HECTOR PEREZ. Plaintiffs MONICA PEREZ and SEAN PEREZ's
7 | declarations regarding their status as successors-in-interest to HECTOR PEREZ are attached, pursuant to
8 | California Code of Civil Procedure section 377.32.

9 |     11.    Plaintiff MONICA PEREZ is a resident of the State of California, County of Sacramento.
10 | Plaintiff MONICA PEREZ is the biological daughter of HECTOR PEREZ. Plaintiff MONICA PEREZ
11 | brings this action in a representative capacity, as a successor-in-interest on behalf of HECTOR PEREZ;
12 | and in an individual capacity, on behalf of herself.

13 |     12.    Plaintiff SEAN PEREZ is a resident of the State of California, County of Solano. Plaintiff
14 | SEAN PEREZ is the biological son of HECTOR PEREZ. Plaintiff SEAN PEREZ brings this action in a
15 | representative capacity, as a successor-in-interest on behalf of HECTOR PEREZ; and in an individual
16 | capacity, on behalf of himself.

17 |     13.    Defendant COUNTY OF YOLO is located in the State of California. Defendant
18 | COUNTY OF YOLO is a "public entity," pursuant to California Government Code section 811.2.

19 |     14.    Defendant YOLO COUNTY SHERIFF'S OFFICE is located in the State of California,
20 | County of Yolo. Defendant YOLO COUNTY SHERIFF'S OFFICE is a "public entity," pursuant to
21 | California Government Code section 811.2.

22 |     15.    Defendant CITY OF WEST SACRAMENTO is located in the State of California, County
23 | of Yolo. Defendant CITY OF WEST SACRAMENTO is a "public entity," pursuant to California
24 | Government Code section 811.2.

25 |     16.    Defendant WEST SACRAMENTO POLICE DEPARTMENT is located in the State of
26 | California, County of Yolo. Defendant WEST SACRAMENTO POLICE DEPARTMENT is a "public
27 | entity," pursuant to California Government Code section 811.2.

28 |     17.    Defendants DOE 1 to 20 are and/or were agents or employees of Defendants COUNTY

3

OF YOLO, YOLO COUNTY SHERIFF'S OFFICE, CITY OF WEST SACRAMENTO, and/or WEST
SACRAMENTO POLICE DEPARTMENT, acting within the scope of agency or employment and under
color of state law. Defendants DOE 1 to 20 are sued by fictitious names and their true and correct
identities will be substituted when ascertained.

## GENERAL ALLEGATIONS

18.     At all times relevant herein, all wrongful acts described were performed under color of
state law and/or in concert with or on behalf of those acting under the color of state law.

### Hector Perez's Mental Health Issues

19.     HECTOR PEREZ was a 63-year-old man when he died on February 14, 2023.

20.     HECTOR PEREZ was a disabled person who struggled with mental health issues during
the course of his life, including diagnosed mental health conditions for which he was prescribed
medications.

21.     HECTOR PEREZ periodically experienced mental health episodes and issues related to
his mental disabilities.

22.     HECTOR PEREZ's mental disabilities substantially limited major life activities,
including, but not limited to, caring for oneself, speaking, concentrating, thinking, and communicating.
For example, HECTOR PEREZ's mental disabilities caused him to become paranoid, easily confused,
defensive, agitated, stressed, fearful, and anxious. HECTOR PEREZ's mental disabilities made it
difficult for him to process relayed information and to verbalize his own thoughts, feelings, and
intentions.

23.     HECTOR PEREZ was known to act irrationally, when exhibiting symptoms of his mental
disabilities.

24.     In May 2022, HECTOR PEREZ attempted suicide and was subject to a mental health
hold, pursuant to California Welfare and Institutions Code section 5150.

25.     HECTOR PEREZ attempted suicide by cutting himself with a knife, including on the neck
and wrists.

26.     HECTOR PEREZ's medical records document mental health issues, including the suicide
attempt, and identify law enforcement contacts as a "trigger" for his conditions, including psychosis.

4

COMPLAINT; DEMAND FOR JURY TRIAL
*Estate of Perez v. County of Yolo*, United States District Court, Eastern District of California, Case No. _____

**SWAT Deployment and Assault**

27.     Defendants COUNTY OF YOLO and YOLO COUNTY SHERIFF'S OFFICE maintain a written agreement with various cities and law enforcement agencies within its jurisdiction, including Defendants CITY OF WEST SACRAMENTO and WEST SACRAMENTO POLICE DEPARTMENT, in the formation of a county-wide Area Law Enforcement Response Team ("ALERT") or Special Weapons and Tactics ("SWAT") team.

28.     On February 14, 2023, at around 8:00 a.m., Defendant YOLO COUNTY SHERIFF'S OFFICE's SWAT Team mobilized to serve an arrest warrant on HECTOR PEREZ.

29.     Defendant YOLO COUNTY SHERIFF'S OFFICE's SWAT Team was comprised of several officers from various agencies, including Defendants DOE 1 to 20, acting pursuant to the county-wide SWAT team agreement.

30.     HECTOR PEREZ resided in a trailer located on Country Road 88C, in Dunnigan, California.

31.     HECTOR PEREZ was wanted on an arrest warrant for child molestation-related charges, a non-violent offense.

32.     HECTOR PEREZ was experiencing a mental health crisis.

33.     Defendants DOE 1 to 20 knew or should have known about HECTOR PEREZ's documented mental illness, based on pre-incident briefing and access to his records.

34.     HECTOR PEREZ's trailer was surrounded by at least six law enforcement vehicles, including a tank-style armored vehicle with a turret hatch opening at the top of the vehicle.

35.     Defendants DOE 1 to 20 parked the law enforcement vehicles in various locations around HECTOR PEREZ's trailer.

36.     Defendants DOE 1 to 20 exited the vehicles armed in tactical gear with high-powered rifles, surrounded the trailer, and pointed weapons at the residence.

37.     Defendants DOE 1 to 20's deployment was planned and coordinated with the effect of displaying maximum intimidation and force towards HECTOR PEREZ.

38.     HECTOR PEREZ did not respond to Defendants DOE 1 to 20's attempts to communicate from outside the trailer.

39. Defendants DOE 1 to 20 remained outside of the trailer for approximately four hours.

40. HECTOR PEREZ's mental illness was exacerbated by Defendants DOE 1 to 20's tactics and actions.

41. HECTOR PEREZ began to cut himself on the throat and arms with a kitchen knife, while barricaded inside of the trailer.

42. Defendants DOE 1 to 20 deployed a remote-controlled robot to break the windows and front door of HECTOR PEREZ's trailer.

43. Defendants DOE 1 to 20 deployed two flying drones into HECTOR PEREZ's trailer which became disabled shortly after entry.

44. Defendants DOE 1 to 20 inserted a camera attached to a pole through a broken bathroom window on HECTOR PEREZ's trailer.

45. Defendants DOE 1 to 20 observed and reported "a lot of blood" inside of HECTOR PEREZ's trailer, including in the bathroom.

46. Defendants DOE 1 to 20 parked the armored vehicle against the front door of HECTOR PEREZ's trailer, blocking HECTOR PEREZ's exit from the trailer.

47. Defendants DOE 1 to 20 deployed oleoresin capsicum ("OC") tear gas cannisters into the trailer.

48. Defendants DOE 1 to 20 failed to utilize appropriate de-escalation techniques, including those required by California Peace Officer Standards and Training ("POST") learning domains and Defendant YOLO COUNTY SHERIFF'S OFFICE's policies, procedures, and general orders. For example, POST Learning Domain 20 ("Use of Force/Deescalation"); POST Learning Domain 26 ("Critical Incidents"); POST Learning Domain 33 ("Arrest Methods/Defensive Tactics"); POST Learning Domain 37 ("People with Disabilities"); Yolo County Sheriff's Office Policy 301 ("Use of Force"); Yolo County Sheriff's Office Policy 342 ("Communications with Persons with Disabilities"); Yolo County Sheriff's Office Policy 407 ("Hostage and Barricade Incidents"); and Yolo County Sheriff's Office Policy 408 ("Crisis Intervention Incidents").

**Officer-Involved Shooting**

49. At around 12:35 p.m., HECTOR PEREZ appeared at the front door of the trailer.

6

50.     HECTOR PEREZ's clothes were covered in blood from self-inflicted wounds.

51.     HECTOR PEREZ held a kitchen knife in his right hand against his own neck.

52.     Defendants DOE 1 to 20 surrounded HECTOR PEREZ's trailer and had numerous lethal and less-lethal weapons aimed at HECTOR PEREZ.

53.     HECTOR PEREZ exited the trailer, seconds after one of Defendants DOE 1 to 20 deployed a tear gas cannister into the trailer.

54.     HECTOR PEREZ opened the trailer's screen door and stepped down two steps outside of the trailer's door, holding the kitchen knife in his right hand held against his own neck.

55.     One of Defendants DOE 1 to 20 fired a launcher containing a less-lethal 40mm impact round at HECTOR PEREZ, immediately after HECTOR PEREZ exited the trailer.

56.     The less-lethal 40mm impact round did not strike HECTOR PEREZ.

57.     Defendants DOE 1 to 20 shouted inconsistent commands at HECTOR PEREZ, from various locations around the trailer. For example, one of Defendants DOE 1 to 20 yelled, "Drop the knife!," while another yelled, "Show me your hands!"

58.     Defendants DOE 1 to 20 created a chaotic situation that prevented effective communication with HECTOR PEREZ, where multiple officers were shouting at HECTOR PEREZ, various weapons were being pointed and fired at HECTOR PEREZ, and tear gas and smoke clouded the scene.

59.     After exiting the trailer's front door, HECTOR PEREZ turned toward the right outside of the trailer.

60.     HECTOR PEREZ staggered towards the back of the trailer, in the direction opposite from where the 40mm impact round was fired.

61.     Defendant DOE 1, a police officer employed by Defendants CITY OF WEST SACRAMENTO and WEST SACRAMENTO POLICE DEPARTMENT, was positioned at the top of the armored vehicle in the turret hatch opening.

62.     Defendant DOE 1 pointed an assault rifle at HECTOR PEREZ.

63.     HECTOR PEREZ staggered in the direction away from the armored vehicle and Defendant DOE 1.

7

64. Defendant DOE 1 fired his rifle at HECTOR PEREZ, without warning or justification.

65. Defendant DOE 1 shot HECTOR PEREZ in the torso.

66. Defendant DOE 1 shot HECTOR PEREZ less than 10 seconds after he exited the trailer.

67. HECTOR PEREZ was not near any officer and did not present a threat, at the time Defendant DOE 1 shot him.

68. HECTOR PEREZ collapsed to the ground and dropped the kitchen knife, after he was struck by Defendant DOE 1's gunfire.

69. Defendant DOE 1 failed to utilize appropriate de-escalation techniques, including those required by California Peace Officer Standards and Training ("POST") learning domains and Defendant WEST SACRAMENTO POLICE DEPARTMENT's policies, procedures, and general orders. For example, POST Learning Domain 20 ("Use of Force/Deescalation"); POST Learning Domain 26 ("Critical Incidents"); POST Learning Domain 33 ("Arrest Methods/Defensive Tactics"); POST Learning Domain 37 ("People with Disabilities"); West Sacramento Police Department Policy 300 ("Use of Force"); West Sacramento Police Department Policy 311 ("Firearms"); West Sacramento Police Department Policy 369 ("Communications with Persons with Disabilities"); West Sacramento Police Department Policy 414 ("Hostage and Barricade Incidents"); and West Sacramento Police Department Policy 467 ("Crisis Intervention Incidents").

70. Defendants DOE 2 to 20 converged on HECTOR PEREZ's location, after he was shot.

71. Defendants DOE 2 to 20 were confused as to whether and why Defendant DOE 1 had shot HECTOR PEREZ with a lethal round.

72. Defendants DOE 2 to 20 searched HECTOR PEREZ's body, seeking to determine where he had been shot. One of Defendants DOE 2 to 20 asked, "Less lethal or bullets? Who shot him? What was he shot with?"

73. HECTOR PEREZ was pronounced dead at the scene.

74. HECTOR PEREZ's cause of death is identified as "gunshot wound of torso."

## POLICY AND CUSTOM ALLEGATIONS

75. Defendants COUNTY OF YOLO, YOLO COUNTY SHERIFF'S OFFICE, CITY OF WEST SACRAMENTO, and WEST SACRAMENTO POLICE DEPARTMENT maintained inadequate

8

policies or customs of training, supervision, and discipline of officers under their command related to confrontations with persons experiencing or suffering from documented or apparent mental health crises.

76.     Defendants COUNTY OF YOLO, YOLO COUNTY SHERIFF'S OFFICE, CITY OF WEST SACRAMENTO, and WEST SACRAMENTO POLICE DEPARTMENT knew or should have known that a substantial number of contacts had occurred between their personnel and persons wherein force had been applied involved mentally ill and/or substance-impaired persons who do not respond in the way persons who are not mentally ill do to orders, commands, brusk and direct language, and escalating force. For example, Defendants COUNTY OF YOLO, YOLO COUNTY SHERIFF'S OFFICE, CITY OF WEST SACRAMENTO, and WEST SACRAMENTO POLICE DEPARTMENT regularly received calls for assistance with persons undergoing mental health crises and, as a result, officers under their command are on the front lines in dealing with persons with mental health problems, including HECTOR PEREZ.

77.     Defendants COUNTY OF YOLO, YOLO COUNTY SHERIFF'S OFFICE, CITY OF WEST SACRAMENTO, and WEST SACRAMENTO POLICE DEPARTMENT failed to promulgate specific policies and customs and to train officers under their command in the application of necessary policies, including those prescribed by California Peace Officer Standards and Training ("POST") learning domains, including Learning Domain 20 ("Use of Force/Deescalation"); POST Learning Domain 26 ("Critical Incidents"); POST Learning Domain 33 ("Arrest Methods/Defensive Tactics"); and POST Learning Domain 37 ("People with Disabilities").

78.     Defendants COUNTY OF YOLO, YOLO COUNTY SHERIFF'S OFFICE, CITY OF WEST SACRAMENTO, and WEST SACRAMENTO POLICE DEPARTMENT failed adequately to train officers under their command in critical areas, including Defendants DOE 1 to 20, for example:

(a)     how and when to call for the assistance of officers or professionals with specialized training in dealing with mental illness, when possible;

(b)     how and when to approach persons suffering from mental disability or substance impairment;

(c)     how and when to speak to persons suffering from a mental disability or substance impairment;

9

(d)     how and when to interact with persons suffering from mental disability or substance impairment (including using appropriate body language and tone of voice);

(e)     how and when to respect the personal space of persons suffering from mental disability or substance impairment;

(f)     how and when to provide reasonable accommodations for persons suffering from mental disability or substance impairment; and

(g)     how and when to de-escalate, without use of force, incidents involving persons suffering from mental disability or substance impairment.

79.     Defendants COUNTY OF YOLO, YOLO COUNTY SHERIFF'S OFFICE, CITY OF WEST SACRAMENTO, and WEST SACRAMENTO POLICE DEPARTMENT knowingly participated in, acquiesced to, and/or were deliberately indifferent to the creation and maintenance of a culture permitting or encouraging personnel's use of unreasonable and excessive force, including Defendants DOE 1 to 20, for example:

(a)     the application of excessive and unreasonable use of force against non-threatening persons;

(b)     the inadequate training of personnel with respect to the use of force;

(c)     the employment, retention, supervision, training, control, assignment, and disciple of personnel with dangerous propensities for abusing authority;

(d)     the maintenance of inadequate procedures for reporting, supervising, investigating, reviewing, disciplining, and controlling misconduct by personnel;

(e)     the inadequate or non-existent discipline of personnel, including imposition of discipline that is disproportional to the magnitude of the misconduct and fails to discourage future misconduct or is tantamount to encouraging misconduct ("slaps on the wrist");

(f)     the announcement that unjustified uses of force are "within policy," including incidents that are later determined in court or implied through settlement to be non-compliant with policy or unlawful;

(g)     the inadequate investigation of uses of force, including refusal to consider relevant witness and evidence;

10

(h)     the untimely, delayed, or prolonged investigation of uses of force, such that determination of culpability, if any, is returned after the period of time during which effective corrective action or meaningful discipline can be taken;

(i)     the refusal to discipline, terminate, or retrain personnel, where uses of force are determined in court or implied through settlement to be non-compliant with policy or unlawful;

(j)     the encouragement, accommodation, or facilitation of a "blue code of silence," "blue shield," "blue wall," "blue curtain," "blue veil," "blue line," "turn a blind eye," or "code of silence," pursuant to which personnel do not report errors, misconduct, or crimes and, if questioned about an incident of misconduct involving another officer, claim ignorance of misconduct; and

(k)     the maintenance a policy of inaction and an attitude of indifference towards ongoing law enforcement use of force incidents, including by failing to discipline, retrain, investigate, terminate, and recommend personnel for criminal prosecution who participate in unlawful uses of force.

80.     Defendants COUNTY OF YOLO, YOLO COUNTY SHERIFF'S OFFICE, CITY OF WEST SACRAMENTO, and WEST SACRAMENTO POLICE DEPARTMENT were or should have been on notice regarding the need to discontinue, modify, or implement new and different versions of the deficient policies or customs because the inadequacies constituted life-threatening decisions and were so obvious and likely to result in violations of rights of persons coming into contact with their personnel, including Defendants DOE 1 to 20.

81.     Defendants COUNTY OF YOLO, YOLO COUNTY SHERIFF'S OFFICE, CITY OF WEST SACRAMENTO, and WEST SACRAMENTO POLICE DEPARTMENT's inadequate policies, procedures, and training did proximately cause violation of rights of persons coming into contact with officials, including the death of HECTOR PEREZ.

## FIRST CLAIM

### Excessive Force

### (U.S. Const. Amend. IV; 42 U.S.C. § 1983)

82.     Plaintiff ESTATE OF HECTOR PEREZ (pursuant to California Code of Civil Procedure section 377.30) asserts this Claim against Defendants COUNTY OF YOLO, YOLO COUNTY SHERIFF'S OFFICE, CITY OF WEST SACRAMENTO, WEST SACRAMENTO POLICE

11

DEPARTMENT, and DOE 1 to 20.

83.     The allegations of the preceding paragraphs 1 to 81 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

84.     Defendants DOE 1 to 20 used unreasonable and excessive force against HECTOR PEREZ, including by deploying intimidating and threatening force towards HECTOR PEREZ prior to the shooting, in violation of the Fourth Amendment to the U.S. Constitution.

85.     Defendant DOE 1 used unreasonable and excessive force against HECTOR PEREZ, including by shooting HECTOR PEREZ, in violation of the Fourth Amendment to the U.S. Constitution.

86.     Defendants COUNTY OF YOLO, YOLO COUNTY SHERIFF'S OFFICE, CITY OF WEST SACRAMENTO, and WEST SACRAMENTO POLICE DEPARTMENT maintained policies or customs of action and inaction resulting in harm to HECTOR PEREZ, in violation of the Fourth Amendment to the U.S. Constitution.

87.     Defendants DOE 1 to 20's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to rights, or were wantonly or oppressively done.

88.     HECTOR PEREZ was injured as a direct and proximate result of Defendants COUNTY OF YOLO, YOLO COUNTY SHERIFF'S OFFICE, CITY OF WEST SACRAMENTO, WEST SACRAMENTO POLICE DEPARTMENT, and DOE 1 to 20's actions and inactions, entitling Plaintiff ESTATE OF HECTOR PEREZ to receive compensatory damages against Defendants COUNTY OF YOLO, YOLO COUNTY SHERIFF'S OFFICE, CITY OF WEST SACRAMENTO, WEST SACRAMENTO POLICE DEPARTMENT, and DOE 1 to 20; and punitive damages against Defendants DOE 1 to 20.

WHEREFORE, Plaintiff ESTATE OF HECTOR PEREZ prays for relief as hereunder appears.

## SECOND CLAIM

### Section 504 of the Rehabilitation Act

### (29 U.S.C. § 701, *et seq.*)

89.     Plaintiff ESTATE OF HECTOR PEREZ (pursuant to California Code of Civil Procedure section 377.30) asserts this Claim against Defendants COUNTY OF YOLO, YOLO COUNTY SHERIFF'S OFFICE, CITY OF WEST SACRAMENTO, and WEST SACRAMENTO POLICE

12

DEPARTMENT.

90.     The allegations of the preceding paragraphs 1 to 81 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

91.     Defendants COUNTY OF YOLO, YOLO COUNTY SHERIFF'S OFFICE, CITY OF WEST SACRAMENTO, and WEST SACRAMENTO POLICE DEPARTMENT qualify as a "public entity" within the meaning of 42 U.S.C. § 12131(1)(A) and 28 C.F.R. § 35.104. Defendants COUNTY OF YOLO, YOLO COUNTY SHERIFF'S OFFICE, CITY OF WEST SACRAMENTO, and WEST SACRAMENTO POLICE DEPARTMENT receive federal financial assistance. HECTOR PEREZ had a mental impairment that substantially limited one or more major life activities, at all times material herein.

92.     Defendants DOE 1 to 20 failed to provide reasonable accommodation for HECTOR PEREZ's disabilities in the course of investigation or arrest, causing greater injury or indignity in that process than other arrestees, where reasonable accommodation was available, including, among other actions, by utilizing persons with specialized training in dealing with mental illness to communicate with HECTOR PEREZ in a non-confrontational manner; by approaching HECTOR PEREZ in a non-confrontational manner, without displaying or threatening use of force; by speaking to HECTOR PEREZ in a non-confrontational manner, with an appropriate tone of voice and without threatening use of force; by interacting with HECTOR PEREZ in a non-confrontational manner, including appropriate body language, de-escalation, and spacing techniques; and/or by not using unreasonable and excessive force against HECTOR PEREZ, with deliberate indifference or reckless disregard, in violation of the Rehabilitation Act, 29 U.S.C. § 794, *et seq.*

93.     Defendants COUNTY OF YOLO, YOLO COUNTY SHERIFF'S OFFICE, CITY OF WEST SACRAMENTO, and WEST SACRAMENTO POLICE DEPARTMENT maintained policies or customs of action and inaction which failed to provide reasonable accommodation for HECTOR PEREZ's disabilities in the course of investigation or arrest, causing greater injury or indignity in that process than other arrestees, where reasonable accommodation was available, including through the promulgation and implementation of appropriate policies and customs, including, among other policies and customs, utilizing persons with specialized training in dealing with mental illness to communicate with mentally ill subjects; preparing officers how and when to approach mentally ill subjects; how and

when to speak to mentally ill subjects; how and when to interact with mentally ill subjects, including using appropriate body language and tone of voice; how and when to respect the personal space of mentally ill subjects; and/or how to de-escalate incidents involving mentally ill subjects without use of force, with deliberate indifference or reckless disregard, in violation of the Rehabilitation Act, 29 U.S.C. § 794, *et seq.*

94.     HECTOR PEREZ was injured as a direct and proximate result of Defendants COUNTY OF YOLO, YOLO COUNTY SHERIFF'S OFFICE, CITY OF WEST SACRAMENTO, WEST SACRAMENTO POLICE DEPARTMENT, and DOE 1 to 20's actions and inactions, entitling Plaintiff ESTATE OF HECTOR PEREZ to receive compensatory and nominal damages against Defendants COUNTY OF YOLO, YOLO COUNTY SHERIFF'S OFFICE, CITY OF WEST SACRAMENTO, and WEST SACRAMENTO POLICE DEPARTMENT.

WHEREFORE, Plaintiff ESTATE OF HECTOR PEREZ prays for relief as hereunder appears.

### THIRD CLAIM

### Title II of the Americans with Disabilities Act

### (42 U.S.C. § 12101, *et seq.*)

95.     Plaintiff ESTATE OF HECTOR PEREZ (pursuant to California Code of Civil Procedure section 377.30) asserts this Claim against Defendants COUNTY OF YOLO, YOLO COUNTY SHERIFF'S OFFICE, CITY OF WEST SACRAMENTO, and WEST SACRAMENTO POLICE DEPARTMENT.

96.     The allegations of the preceding paragraphs 1 to 81 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

97.     Defendants COUNTY OF YOLO, YOLO COUNTY SHERIFF'S OFFICE, CITY OF WEST SACRAMENTO, and WEST SACRAMENTO POLICE DEPARTMENT qualify as a "public entity" within the meaning of 42 U.S.C. § 12131(1)(A) and 28 C.F.R. § 35.104. HECTOR PEREZ had a mental impairment that substantially limited one or more major life activities, at all times material herein.

98.     Defendants DOE 1 to 20 failed to provide reasonable accommodation for HECTOR PEREZ's disabilities in the course of investigation or arrest, causing greater injury or indignity in that process than other arrestees, where reasonable accommodation was available, including, among other

14

actions, by utilizing persons with specialized training in dealing with mental illness to communicate with HECTOR PEREZ in a non-confrontational manner; by approaching HECTOR PEREZ in a non-confrontational manner, without displaying or threatening use of force; by speaking to HECTOR PEREZ in a non-confrontational manner, with an appropriate tone of voice and without threatening use of force; by interacting with HECTOR PEREZ in a non-confrontational manner, including appropriate body language, de-escalation, and spacing techniques; and/or by not using unreasonable and excessive force against HECTOR PEREZ, with deliberate indifference or reckless disregard, in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*.

99.     Defendants COUNTY OF YOLO, YOLO COUNTY SHERIFF'S OFFICE, CITY OF WEST SACRAMENTO, and WEST SACRAMENTO POLICE DEPARTMENT maintained policies or customs of action and inaction which failed to provide reasonable accommodation for HECTOR PEREZ's disabilities in the course of investigation or arrest, causing greater injury or indignity in that process than other arrestees, where reasonable accommodation was available, including through the promulgation and implementation of appropriate policies and customs, including, among other policies and customs, utilizing persons with specialized training in dealing with mental illness to communicate with mentally ill subjects; preparing officers how and when to approach mentally ill subjects; how and when to speak to mentally ill subjects; how and when to interact with mentally ill subjects, including using appropriate body language and tone of voice; how and when to respect the personal space of mentally ill subjects; and/or how to de-escalate incidents involving mentally ill subjects without use of force, with deliberate indifference or reckless disregard, in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*.

100.     HECTOR PEREZ was injured as a direct and proximate result of Defendants COUNTY OF YOLO, YOLO COUNTY SHERIFF'S OFFICE, CITY OF WEST SACRAMENTO, WEST SACRAMENTO POLICE DEPARTMENT, and DOE 1 to 20's actions and inactions, entitling Plaintiff ESTATE OF HECTOR PEREZ to receive compensatory and nominal damages against Defendants COUNTY OF YOLO, YOLO COUNTY SHERIFF'S OFFICE, CITY OF WEST SACRAMENTO, and WEST SACRAMENTO POLICE DEPARTMENT.

WHEREFORE, Plaintiff ESTATE OF HECTOR PEREZ prays for relief as hereunder appears.

15

**FOURTH CLAIM**

**Unwarranted Interference with Familial Association**

**(U.S. Const. Amend. XIV; 42 U.S.C. § 1983)**

101.    Plaintiff MONICA PEREZ asserts this Claim against Defendants COUNTY OF YOLO, YOLO COUNTY SHERIFF'S OFFICE, CITY OF WEST SACRAMENTO, WEST SACRAMENTO POLICE DEPARTMENT, and DOE 1 to 20.

102.    The allegations of the preceding paragraphs 1 to 81 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

103.    Plaintiff MONICA PEREZ shared a close relationship and special bond with HECTOR PEREZ, which included deep attachments, commitments, and distinctively personal aspects of their lives and was typical of a close familial relationship, prior to the death of HECTOR PEREZ. Defendants COUNTY OF YOLO, YOLO COUNTY SHERIFF'S OFFICE, CITY OF WEST SACRAMENTO, WEST SACRAMENTO POLICE DEPARTMENT, and DOE 1 to 20 caused termination of and interference with Plaintiff MONICA PEREZ's familial relationship with HECTOR PEREZ, in the violation of the Fourteenth Amendment to the U.S. Constitution.

104.    Defendants DOE 1 to 20's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to rights, or were wantonly or oppressively done.

105.    Plaintiff MONICA PEREZ was injured as a direct and proximate result of Defendants COUNTY OF YOLO, YOLO COUNTY SHERIFF'S OFFICE, CITY OF WEST SACRAMENTO, WEST SACRAMENTO POLICE DEPARTMENT, and DOE 1 to 20's actions and inactions, entitling her to receive compensatory damages against Defendants COUNTY OF YOLO, YOLO COUNTY SHERIFF'S OFFICE, CITY OF WEST SACRAMENTO, WEST SACRAMENTO POLICE DEPARTMENT, and DOE 1 to 20; and punitive damages against Defendants DOE 1 to 20.

WHEREFORE, Plaintiff MONICA PEREZ prays for relief as hereunder appears.

**FIFTH CLAIM**

**Unwarranted Interference with Familial Association**

**(U.S. Const. Amend. I; 42 U.S.C. § 1983)**

106.    Plaintiff MONICA PEREZ asserts this Claim against Defendants COUNTY OF YOLO,

16

1  YOLO COUNTY SHERIFF'S OFFICE, CITY OF WEST SACRAMENTO, WEST SACRAMENTO

2  POLICE DEPARTMENT, and DOE 1 to 20.

3       107.   The allegations of the preceding paragraphs 1 to 81 are realleged and incorporated, to the

4  extent relevant and as if fully set forth in this Claim.

5       108.   Plaintiff MONICA PEREZ shared a close relationship and special bond with HECTOR

6  PEREZ, which included deep attachments, commitments, and distinctively personal aspects of their lives

7  and was typical of a close familial relationship, prior to the death of HECTOR PEREZ. Defendants

8  COUNTY OF YOLO, YOLO COUNTY SHERIFF'S OFFICE, CITY OF WEST SACRAMENTO,

9  WEST SACRAMENTO POLICE DEPARTMENT, and DOE 1 to 20 caused termination of and

10 interference with Plaintiff MONICA PEREZ's familial relationship with HECTOR PEREZ, in the

11 violation of the First Amendment to the U.S. Constitution.

12      109.   Defendants DOE 1 to 20's actions and inactions were motivated by evil motive or intent,

13 involved reckless or callous indifference to rights, or were wantonly or oppressively done.

14      110.   Plaintiff MONICA PEREZ was injured as a direct and proximate result of Defendants

15 COUNTY OF YOLO, YOLO COUNTY SHERIFF'S OFFICE, CITY OF WEST SACRAMENTO,

16 WEST SACRAMENTO POLICE DEPARTMENT, and DOE 1 to 20's actions and inactions, entitling

17 her to receive compensatory damages against Defendants COUNTY OF YOLO, YOLO COUNTY

18 SHERIFF'S OFFICE, CITY OF WEST SACRAMENTO, WEST SACRAMENTO POLICE

19 DEPARTMENT, and DOE 1 to 20; and punitive damages against Defendants DOE 1 to 20.

20      WHEREFORE, Plaintiff MONICA PEREZ prays for relief as hereunder appears.

21                          **SIXTH CLAIM**

22                          **Excessive Force**

23                       **(Cal. Const. Art. I § 13)**

24      111.   Plaintiff ESTATE OF HECTOR PEREZ (pursuant to California Code of Civil Procedure

25 section 377.30) asserts this Claim against Defendants COUNTY OF YOLO, YOLO COUNTY

26 SHERIFF'S OFFICE, CITY OF WEST SACRAMENTO, WEST SACRAMENTO POLICE

27 DEPARTMENT, and DOE 1 to 20.

28      112.   The allegations of the preceding paragraphs 1 to 81 are realleged and incorporated, to the

17

extent relevant and as if fully set forth in this Claim.

113.    Defendants DOE 1 to 20 used unreasonable and excessive force against HECTOR PEREZ, including by deploying intimidating and threatening force towards HECTOR PEREZ prior to the shooting, in violation of Article I, Section 13 of the California Constitution.

114.    Defendant DOE 1 used unreasonable and excessive force against HECTOR PEREZ, including by shooting HECTOR PEREZ, in violation of Article I, Section 13 of the California Constitution.

115.    Defendants COUNTY OF YOLO, YOLO COUNTY SHERIFF'S OFFICE, CITY OF WEST SACRAMENTO, and WEST SACRAMENTO POLICE DEPARTMENT maintained policies or customs of action and inaction resulting in harm to HECTOR PEREZ, in violation of Article I, Section 13 of the California Constitution.

116.    Defendants COUNTY OF YOLO, YOLO COUNTY SHERIFF'S OFFICE, CITY OF WEST SACRAMENTO, and WEST SACRAMENTO POLICE DEPARTMENT are vicariously liable, through the principles of *respondeat superior* and pursuant to California Government Code section 815.2(a), for injuries proximately caused by the acts and omissions of employees acting within the scope of employment, including Defendants DOE 1 to 20.

117.    Defendants DOE 1 to 20's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

118.    HECTOR PEREZ was injured as a direct and proximate result of Defendants COUNTY OF YOLO, YOLO COUNTY SHERIFF'S OFFICE, CITY OF WEST SACRAMENTO, WEST SACRAMENTO POLICE DEPARTMENT, and DOE 1 to 20's actions and inactions, entitling Plaintiff ESTATE OF HECTOR PEREZ to receive compensatory damages against Defendants COUNTY OF YOLO, YOLO COUNTY SHERIFF'S OFFICE, CITY OF WEST SACRAMENTO, WEST SACRAMENTO POLICE DEPARTMENT, and DOE 1 to 20; and punitive damages against Defendants DOE 1 to 20.

WHEREFORE, Plaintiff ESTATE OF HECTOR PEREZ prays for relief as hereunder appears.

\ \ \

\ \ \

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Estate of Perez v. County of Yolo*, United States District Court, Eastern District of California, Case No. _____

## SEVENTH CLAIM

### Tom Bane Civil Rights Act

### (Cal. Civ. Code § 52.1)

119.   Plaintiff ESTATE OF HECTOR PEREZ (pursuant to California Code of Civil Procedure section 377.30) asserts this Claim against Defendants COUNTY OF YOLO, YOLO COUNTY SHERIFF'S OFFICE, CITY OF WEST SACRAMENTO, WEST SACRAMENTO POLICE DEPARTMENT, and DOE 1 to 20.

120.   The allegations of the preceding paragraphs 1 to 81 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

Excessive Force

121.   Defendants DOE 1 to 20 used unreasonable and excessive force against HECTOR PEREZ, including by deploying intimidating and threatening force towards HECTOR PEREZ prior to the shooting, with deliberate indifference or reckless disregard, in violation of the Fourth Amendment to the U.S. Constitution and Article I, Section 13 of the California Constitution.

122.   Defendant DOE 1 used unreasonable and excessive force against HECTOR PEREZ, including by shooting HECTOR PEREZ, with deliberate indifference or reckless disregard, in violation of the Fourth Amendment to the U.S. Constitution and Article I, Section 13 of the California Constitution.

Defendants COUNTY OF YOLO, YOLO COUNTY SHERIFF'S OFFICE, CITY OF WEST SACRAMENTO, and WEST SACRAMENTO POLICE DEPARTMENT maintained policies or customs of action and inaction resulting in harm to HECTOR PEREZ, with deliberate indifference or reckless disregard, in violation of the Fourth Amendment to the U.S. Constitution and Article I, Section 13 of the California Constitution.

Section 504 of the Rehabilitation Act & Title II of the Americans with Disabilities Act

123.   Defendants DOE 1 to 20 failed to provide reasonable accommodation for HECTOR PEREZ's disabilities in the course of investigation or arrest, causing greater injury or indignity in that process than other arrestees, where reasonable accommodation was available, including, among other actions, by utilizing persons with specialized training in dealing with mental illness to communicate with

19

HECTOR PEREZ in a non-confrontational manner; by approaching HECTOR PEREZ in a non-confrontational manner, without displaying or threatening use of force; by speaking to HECTOR PEREZ in a non-confrontational manner, with an appropriate tone of voice and without threatening use of force; by interacting with HECTOR PEREZ in a non-confrontational manner, including appropriate body language, de-escalation, and spacing techniques; and/or by not using unreasonable and excessive force against HECTOR PEREZ, with deliberate indifference or reckless disregard, in violation of the Rehabilitation Act, 29 U.S.C. § 794, *et seq*. and Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*.

124.    Defendants COUNTY OF YOLO, YOLO COUNTY SHERIFF'S OFFICE, CITY OF WEST SACRAMENTO, and WEST SACRAMENTO POLICE DEPARTMENT maintained policies or customs of action and inaction which failed to provide reasonable accommodation for HECTOR PEREZ's disabilities in the course of investigation or arrest, causing greater injury or indignity in that process than other arrestees, where reasonable accommodation was available, including through the promulgation and implementation of appropriate policies and customs, including, among other policies and customs, utilizing persons with specialized training in dealing with mental illness to communicate with mentally ill subjects; preparing officers how and when to approach mentally ill subjects; how and when to speak to mentally ill subjects; how and when to interact with mentally ill subjects, including using appropriate body language and tone of voice; how and when to respect the personal space of mentally ill subjects; and/or how to de-escalate incidents involving mentally ill subjects without use of force, with deliberate indifference or reckless disregard, in violation of the Rehabilitation Act, 29 U.S.C. § 794, *et seq*. and Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*.

<u>Common Allegations</u>

125.    Defendants COUNTY OF YOLO, YOLO COUNTY SHERIFF'S OFFICE, CITY OF WEST SACRAMENTO, and WEST SACRAMENTO POLICE DEPARTMENT are vicariously liable, through the principles of *respondeat superior* and pursuant to California Government Code section 815.2(a), for injuries proximately caused by the acts and omissions of employees acting within the scope of employment, including Defendants DOE 1 to 20.

126.    Defendants DOE 1 to 20's actions and inactions constituted oppression, fraud, and/or

20

1   malice resulting in great harm.

2        127.    HECTOR PEREZ was injured as a direct and proximate result of Defendants COUNTY

3   OF YOLO, YOLO COUNTY SHERIFF'S OFFICE, CITY OF WEST SACRAMENTO, WEST

4   SACRAMENTO POLICE DEPARTMENT, and DOE 1 to 20's actions and inactions, entitling Plaintiff

5   ESTATE OF HECTOR PEREZ to receive compensatory and treble damages and civil penalties against

6   Defendants COUNTY OF YOLO, YOLO COUNTY SHERIFF'S OFFICE, CITY OF WEST

7   SACRAMENTO, WEST SACRAMENTO POLICE DEPARTMENT, and DOE 1 to 20; and punitive

8   damages against Defendants DOE 1 to 20.

9        WHEREFORE, Plaintiff ESTATE OF HECTOR PEREZ prays for relief as hereunder appears.

10                                   **EIGHTH CLAIM**

11                                 **Assault / Battery**

12        128.    Plaintiff ESTATE OF HECTOR PEREZ (pursuant to California Code of Civil Procedure

13   section 377.30) asserts this Claim against Defendants COUNTY OF YOLO, YOLO COUNTY

14   SHERIFF'S OFFICE, CITY OF WEST SACRAMENTO, WEST SACRAMENTO POLICE

15   DEPARTMENT, and DOE 1 to 20.

16        129.    The allegations of the preceding paragraphs 1 to 74 are realleged and incorporated, to the

17   extent relevant and as if fully set forth in this Claim.

18        130.    Defendants DOE 1 to 20 used unreasonable and excessive force against HECTOR

19   PEREZ, including by deploying intimidating and threatening force towards HECTOR PEREZ prior to

20   the shooting.

21        131.    Defendant DOE 1 used unreasonable and excessive force against HECTOR PEREZ,

22   including by shooting HECTOR PEREZ.

23        132.    Defendants COUNTY OF YOLO, YOLO COUNTY SHERIFF'S OFFICE, CITY OF

24   WEST SACRAMENTO, and WEST SACRAMENTO POLICE DEPARTMENT are vicariously liable,

25   through the principles of *respondeat superior* and pursuant to California Government Code section

26   815.2(a), for injuries proximately caused by the acts and omissions of employees acting within the scope

27   of employment, including Defendants DOE 1 to 20.

28        133.    Defendants DOE 1 to 20's actions and inactions constituted oppression, fraud, and/or

21

malice resulting in great harm.

134.     HECTOR PEREZ was injured as a direct and proximate result of Defendants COUNTY OF YOLO, YOLO COUNTY SHERIFF'S OFFICE, CITY OF WEST SACRAMENTO, WEST SACRAMENTO POLICE DEPARTMENT, and DOE 1 to 20's actions and inactions, entitling Plaintiff ESTATE OF HECTOR PEREZ to receive compensatory damages against Defendants COUNTY OF YOLO, YOLO COUNTY SHERIFF'S OFFICE, CITY OF WEST SACRAMENTO, WEST SACRAMENTO POLICE DEPARTMENT, and DOE 1 to 20; and punitive damages against Defendants DOE 1 to 20.

WHEREFORE, Plaintiff ESTATE OF HECTOR PEREZ prays for relief as hereunder appears.

## NINTH CLAIM

### Intentional Infliction of Emotional Distress

135.     Plaintiff ESTATE OF HECTOR PEREZ (pursuant to California Code of Civil Procedure section 377.30) asserts this Claim against Defendants COUNTY OF YOLO, YOLO COUNTY SHERIFF'S OFFICE, CITY OF WEST SACRAMENTO, WEST SACRAMENTO POLICE DEPARTMENT, and DOE 1 to 20.

136.     The allegations of the preceding paragraphs 1 to 74 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

137.     Defendants DOE 1 to 20 engaged in outrageous conduct, with intent or reckless disregard of the probability that HECTOR PEREZ would suffer emotional distress and he did suffer severe emotional distress, including, among other actions, by deploying intimidating and threatening force towards HECTOR PEREZ prior to the shooting.

138.     Defendant DOE 1 engaged in outrageous conduct, with intent or reckless disregard of the probability that HECTOR PEREZ would suffer emotional distress and he did suffer severe emotional distress, including, among other actions, by shooting HECTOR PEREZ.

139.     Defendants COUNTY OF YOLO, YOLO COUNTY SHERIFF'S OFFICE, CITY OF WEST SACRAMENTO, and WEST SACRAMENTO POLICE DEPARTMENT are vicariously liable, through the principles of *respondeat superior* and pursuant to California Government Code section 815.2(a), for injuries proximately caused by the acts and omissions of employees acting within the scope

22

of employment, including Defendants DOE 1 to 20.

140.   Defendants DOE 1 to 20's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

141.   HECTOR PEREZ was injured as a direct and proximate result of Defendants COUNTY OF YOLO, YOLO COUNTY SHERIFF'S OFFICE, CITY OF WEST SACRAMENTO, WEST SACRAMENTO POLICE DEPARTMENT, and DOE 1 to 20's actions and inactions, entitling Plaintiff ESTATE OF HECTOR PEREZ to receive compensatory damages against Defendants COUNTY OF YOLO, YOLO COUNTY SHERIFF'S OFFICE, CITY OF WEST SACRAMENTO, WEST SACRAMENTO POLICE DEPARTMENT, and DOE 1 to 20; and punitive damages against Defendants DOE 1 to 20.

WHEREFORE, Plaintiff ESTATE OF HECTOR PEREZ prays for relief as hereunder appears.

## TENTH CLAIM

### Negligence

142.   Plaintiff ESTATE OF HECTOR PEREZ (pursuant to California Code of Civil Procedure section 377.30) asserts this Claim against Defendants COUNTY OF YOLO, YOLO COUNTY SHERIFF'S OFFICE, CITY OF WEST SACRAMENTO, WEST SACRAMENTO POLICE DEPARTMENT, and DOE 1 to 20.

143.   The allegations of the preceding paragraphs 1 to 81 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

144.   Defendants DOE 1 to 20 owed HECTOR PEREZ a duty of care and breached that duty, including, among other actions, by employing improper tactical conduct and decisions preceding the use of excessive force against HECTOR PEREZ; by failing reasonably to accommodate HECTOR PEREZ's disability; and by using excessive force against HECTOR PEREZ.

145.   Defendants COUNTY OF YOLO, YOLO COUNTY SHERIFF'S OFFICE, CITY OF WEST SACRAMENTO, and WEST SACRAMENTO POLICE DEPARTMENT are vicariously liable, through the principles of *respondeat superior* and pursuant to California Government Code section 815.2(a), for injuries proximately caused by the acts and omissions of employees acting within the scope of employment, including Defendants DOE 1 to 20.

23

146.     Defendants DOE 1 to 20's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

147.     HECTOR PEREZ was injured as a direct and proximate result of Defendants COUNTY OF YOLO, YOLO COUNTY SHERIFF'S OFFICE, CITY OF WEST SACRAMENTO, WEST SACRAMENTO POLICE DEPARTMENT, and DOE 1 to 20's actions and inactions, entitling Plaintiff ESTATE OF HECTOR PEREZ to receive compensatory damages against Defendants COUNTY OF YOLO, YOLO COUNTY SHERIFF'S OFFICE, CITY OF WEST SACRAMENTO, WEST SACRAMENTO POLICE DEPARTMENT, and DOE 1 to 20; and punitive damages against Defendants DOE 1 to 20.

WHEREFORE, Plaintiff ESTATE OF HECTOR PEREZ prays for relief as hereunder appears.

## ELEVENTH CLAIM

### Wrongful Death

### (Cal. Code Civ. Proc. § 377.60)

148.     Plaintiffs MONICA PEREZ and SEAN PEREZ assert this Claim against Defendants COUNTY OF YOLO, YOLO COUNTY SHERIFF'S OFFICE, CITY OF WEST SACRAMENTO, WEST SACRAMENTO POLICE DEPARTMENT, and DOE 1 to 20.

149.     The allegations of the preceding paragraphs 1 to 81 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

150.     Defendants DOE 1 to 20 caused HECTOR PEREZ's death by wrongful acts and neglect, including, among other actions, by employing improper tactical conduct and decisions preceding the use of excessive force against HECTOR PEREZ; by failing reasonably to accommodate HECTOR PEREZ's disability; and by using of excessive force against HECTOR PEREZ.

151.     Defendants COUNTY OF YOLO, YOLO COUNTY SHERIFF'S OFFICE, CITY OF WEST SACRAMENTO, and WEST SACRAMENTO POLICE DEPARTMENT caused HECTOR PEREZ's death by wrongful acts and neglect, including, among other actions, by maintaining policies or customs of action and inaction which resulted in harm to HECTOR PEREZ.

152.     Defendants COUNTY OF YOLO, YOLO COUNTY SHERIFF'S OFFICE, CITY OF WEST SACRAMENTO, and WEST SACRAMENTO POLICE DEPARTMENT are vicariously liable,

24

1  through the principles of *respondeat superior* and pursuant to California Government Code section

2  815.2(a), for injuries proximately caused by the acts and omissions of employees acting within the scope

3  of employment, including Defendants DOE 1 to 20.

4  153.    Defendants DOE 1 to 20's actions and inactions constituted oppression, fraud, and/or

5  malice resulting in great harm.

6  154.    HECTOR PEREZ died and Plaintiffs MONICA PEREZ and SEAN PEREZ were injured

7  as a direct and proximate result of Defendants COUNTY OF YOLO, YOLO COUNTY SHERIFF'S

8  OFFICE, CITY OF WEST SACRAMENTO, WEST SACRAMENTO POLICE DEPARTMENT, and

9  DOE 1 to 20's actions and inactions, entitling them to receive compensatory damages against Defendants

10  COUNTY OF YOLO, YOLO COUNTY SHERIFF'S OFFICE, CITY OF WEST SACRAMENTO,

11  WEST SACRAMENTO POLICE DEPARTMENT, and DOE 1 to 20; and punitive damages against

12  Defendants DOE 1 to 20.

13  WHEREFORE, Plaintiffs MONICA PEREZ and SEAN PEREZ pray for relief as hereunder

14  appears.

15  **PRAYER FOR RELIEF**

16  WHEREFORE, Plaintiffs ESTATE OF HECTOR PEREZ, MONICA PEREZ, and SEAN

17  PEREZ seek Judgment as follows:

18  1.    For an award of compensatory, general, special, and nominal damages (including

19  survival/loss-of-life damages and wrongful death damages under federal and state law) against

20  Defendants COUNTY OF YOLO, YOLO COUNTY SHERIFF'S OFFICE, CITY OF WEST

21  SACRAMENTO, WEST SACRAMENTO POLICE DEPARTMENT, and DOE 1 to 20, in excess of

22  $30,000,000, according to proof at trial;

23  2.    For an award of exemplary/punitive damages against Defendants DOE 1 to 20, in an

24  amount sufficient to deter and to make an example of them, because their actions and/or inactions, as

25  alleged, were motivated by evil motive or intent, involved reckless or callous indifference to

26  constitutionally and statutorily protected rights, or were wantonly or oppressively done, and/or

27  constituted oppression and/or malice resulting in great harm;

28  3.    For funeral and/or burial expenses;

25

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Estate of Perez v. County of Yolo*, United States District Court, Eastern District of California, Case No. _____

4.      For an award of actual damages, treble damages, punitive damages, civil penalties, and any other available relief against Defendants COUNTY OF YOLO, YOLO COUNTY SHERIFF'S OFFICE, CITY OF WEST SACRAMENTO, WEST SACRAMENTO POLICE DEPARTMENT, and DOE 1 to 20, pursuant to California Civil Code sections 52, 52.1, and any other statute as may be applicable (except that no punitive damages are sought against Defendants COUNTY OF YOLO, YOLO COUNTY SHERIFF'S OFFICE, CITY OF WEST SACRAMENTO, and WEST SACRAMENTO POLICE DEPARTMENT, pursuant to California Civil Code section 818);

5.      For an award of reasonable attorneys' fees and costs, pursuant to 42 U.S.C. § 1988; 29 U.S.C. § 794; 42 U.S.C. § 12205; California Civil Code section 52.1; California Code of Civil Procedure section 1021.5; and any other statute as may be applicable;

6.      For interest; and

7.      For an award of any other further relief, as the Court deems fair, just, and equitable.

Dated: June 30, 2023                                    Respectfully Submitted,

By: _____
     Mark E. Merin
     Paul H. Masuhara
     LAW OFFICE OF MARK E. MERIN
     1010 F Street, Suite 300
     Sacramento, California 95814
     Telephone: (916) 443-6911
     Facsimile: (916) 447-8336

     Attorneys for Plaintiffs
     ESTATE OF HECTOR PEREZ,
     MONICA PEREZ, and SEAN PEREZ

26

## **JURY TRIAL DEMAND**

A JURY TRIAL IS DEMANDED on behalf of Plaintiffs ESTATE OF HECTOR PEREZ, MONICA PEREZ, and SEAN PEREZ.

Dated: June 30, 2023                                  Respectfully Submitted,

By: _____
    Mark E. Merin
    Paul H. Masuhara
    LAW OFFICE OF MARK E. MERIN
    1010 F Street, Suite 300
    Sacramento, California 95814
    Telephone: (916) 443-6911
    Facsimile: (916) 447-8336

    Attorneys for Plaintiffs
    ESTATE OF HECTOR PEREZ,
    MONICA PEREZ, and SEAN PEREZ

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Estate of Perez v. County of Yolo*, United States District Court, Eastern District of California, Case No. _____